RALPH-ROSWELL SELBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Selby v. Commissioner
Docket No. 1540-77.
United States Tax Court
T.C. Memo 1980-357; 1980 Tax Ct. Memo LEXIS 224; 40 T.C.M. (CCH) 1139; T.C.M. (RIA) 80357; September 8, 1980, Filed *224 Ralph-Roswell Selby, pro se. Thomas H. Catalano, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined deficiencies of $2,760.54 and of $3,002.87, respectively, in petitioner's Federal income taxes for 1971 and 1972. The sole issue for our decision is whether, during the years at issue, petitioner was domiciled in a jurisdiction which would apply community property laws to petitioner, thereby enabling him to attribute one-half of his earned income to his nonresident alien spouse. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found.The stipulation and attached exhibits are incorporated herein by reference. At the time he filed his petition, petitioner resided in Nice, France. Petitioner, married but filing separately, timely filed Federal income tax returns for the years in issue. For 1972, petitioner filed an amended return. Petitioner, a United States citizen, was born in Chincoteague, Virginia on July 31, 1916. From 1948 until 1955, petitioner resided in Washington, *225 D.C. In 1955, he became employed by the United States Air Force as a civilian employee and from 1955 until 1962, petitioner resided in France due to the demands of his employment. His employment caused him to move to Germany in 1962 where he remained until 1968. On May 23, 1964, petitioner married a French national, without a marriage contract, and remained in France for 30 days following the marriage when he returned to his German residence. Due to his Air Force work, from 1968 until 1970, petitioner resided in Turkey and from 1970 through 1972 he resided in Germany. In a letter dated December 8, 1968 to Mr. Bart Canoy, petitioner stated that, upon his retirement, he planned to move to Playa de Pinar, Spain to live in a house which he was having constructed there. He asked Mr. Canoy to assist him in renting the villa from the time it was completed until petitioner's retirement. In 1969, while petitioner and his wife were living in Turkey, petitioner's wife had a very serious operation. At this point, he and his wife decided not to retire to Spain but to live in France upon petitioner's retirement. In 1973, petitioner retired from his employment as a civilian with *226 the United States Air Force. When he retired in 1973, he moved to Spain and resided there from January through August 1973. Petitioner went to Spain to sell his house, and when it was sold, rejoined his wife in France where she had returned in March of the same year. On his 1971 and 1972 returns, petitioner excluded from gross income $8,355.82 and $8,189.20, respectively, which he claimed as being attributable to his wife under the community property laws of France. ULTIMATE FINDING OF FACT During 1971 and 1972 petitioner was domiciled in Germany.
OPINION Petitioner, who neither submitted a brief nor testified at trial, contends that during the years in issue he was domiciled in France since he elected his French domicile in 1964 by a declaration before the French authorities as provided for in Article III of the French Civil Code. He asserts that the election of a French domicile was a personal desire and a legal requirement relating to his marriage.Further, petitioner maintains that his domicile was not Spain during the years in issue since in 1971 his Spanish house was rented to others and he did not reside in Spain. Likewise, he claims that he was not domiciled in *227 Germany during those years; he says he was living in Germany and not France because of the demands of his employment. Finally, petitioner argues that his domicile was not the United States since he abandoned the United States in 1955 and except for 3 weeks during the past 20 years, he has not been in this country. Respondent, by contrast, contends that in 1971 and 1972 petitioner was domiciled in Germany, the place where he lived and worked. Since German law would not apply community property laws to petitioner's salary, respondent proceeds, petitioner is not entitled to attribute one-half of his earned income to his nonresident alien spouse. Respondent argues, moreover, that even if petitioner were found to be domiciled in France in 1971 and 1972, French courts, applying the law of matrimonial domicile to determine the property rights between spouses, would not apply community property laws to petitioner. If petitioner is found to be domiciled, during the years at issue, in a jurisdiction which would apply community property laws to him, one-half of his income would be attributable to his wife, a nonresident alien, and would not be subject to Federal income tax. See Hampton v. Commissioner,38 T.C. 131, 135 (1962). *228 The essential elements of domicile are residence in fact coupled with the purpose of making the place of residence one's home. Texas v. Florida,306 U.S. 398, 424 (1939); Gates v. Commissioner,199 F.2d 291, 294 (10th Cir. 1952), affg. a Memorandum Opinion of this Court. Once established, one's domicile continues despite a change in residence as long as one always has a fixed and definite intent to return and to take up one's home there. By contrast, a floating intention to return will not prevent a new domicile from being acquired in the meantime. District of Columbia v. Murphy,314 U.S. 441, 456 (1941); Texas v. Florida,supra at 425-427; Helvering v. Campbell,139 F.2d 865, 869 (4th Cir. 1944), affg. a Memorandum Opinion of this Court. The question of domicile is one of fact and is determined by reviewing the many, and often conflicting, indicia of where a person's home is. District of Columbia v. Murphy,supra at 455. [2] The place someone lives is assumed to be his domicile until facts establish the contrary. District of Columbia v. Murphy,supra at 455. *229 During 1971 and 1972, petitioner resided and worked in Germany. Upon his retirement, moreover, petitioner intended to reside in Spain, in the villa which he had purchased; petitioner admits that his desire to return to France was the result of a change in plans due to his wife's operation. Although petitioner resided in France from 1955 until 1962 because of his employment, married a French national in France in 1964, and remained in France for 30 days following his marriage, petitioner has failed a to prove that he maintained sufficient ties with France to establish a French domicile for the years at issue. In his petition, petitioner asserts that at the time of his marriage, he made a voluntary election of domicile in France. However, ex parte statements and unadmitted allegations in the pleadings do not constitute evidence. Rule 143(b), Tax Court Rules of Practice and Procedure.
While petitioner may have had *230 some floating intention to return to France, we find that subsequent to his departure from France, his change in residence was not accompanied by a persisting intent to return to France which would prevent his acquiring a new domicile in Germany in 1962 and again in 1970.Since Germany is not a community property jurisdiction, [3] for the years 1971 and 1972, we find that petitioner was not domiciled in a community property jurisdiction and may not attribute one-half of his earned income in those years to his wife. Decision will be entered for the respondent.
Footnotes
1. Petitioner concedes that he is not entitled to a net rental loss deduction of $2,213.60 for 1972.↩
2. See also, Kamikido v. Commissioner,T.C. Memo. 1979-402; Hall v. Commissioner,T.C. Memo. 1978-360; Pashby v. Commissioner,T.C. Memo. 1966-132; Niki v. Commissioner,T.C. Memo. 1963-133↩.
3. See Hall v. Commissioner,supra↩.